No. 12-16373

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: APPLICATION FOR EXEMPTION FROM ELECTRONIC PUBLIC ACCESS FEES BY JENNIFER GOLLAN AND SHANE SHIFFLETT,

JENNIFER GOLLAN; SHANE SHIFFLETT,

Applicants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
D.C. No. 3:12-mc-80113-JW
(Honorable James Ware)

**APPLICANTS-APPELLANTS JENNIFER GOLLAN AND
SHANE SHIFFLETT'S REQUEST TO SUPPLEMENT THE RECORD**

THOMAS R. BURKE (SB# 141930)
 thomasburke@dwt.com
ROCHELLE L. WILCOX (SB# 197790)
 rochellewilcox@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599

JUDY ALEXANDER (SB# 116515)
 jalexander@judyalexander.com
2302 Bobcat Trail
Soquel, CA 95073
Telephone:  (831) 462-1692

Attorneys for Applicants-Appellants
JENNIFER GOLLAN and SHANE SHIFFLETT

Applicants-Appellants Jennifer Gollan and Shane Shifflett respectfully submit this request to supplement the record in this matter, as requested by *Amicus Curiae* the Administrative Office of United States Courts ("*Amicus*").

At the hearing on this matter, Applicants-Appellants made reference to the Applications for Exemption from PACER Fees that they submitted to the District Courts for the Southern, Central and Eastern Districts of California. Attached for the Court's reference, and to ensure that the Court has correct information in evaluating the arguments made in this matter, are copies of the Orders issued by those District Courts, denying the Applications submitted by Applicants-Appellants.

RESPECTFULLY SUBMITTED this 10th day of July, 2013.

        LAW OFFICES OF JUDY ALEXANDER
        JUDY ALEXANDER

        DAVIS WRIGHT TREMAINE LLP
        THOMAS R. BURKE
        ROCHELLE L. WILCOX


        By  /s/  *Thomas R. Burke*
           Thomas R. Burke

        Attorneys for Applicants-Appellants
        JENNIFER GOLLAN and SHANE SHIFFLETT



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Chambers of
AUDREY B. COLLINS
Chief Judge

May 9, 2012

Jennifer Gollan
The Bay Citizen
126 Post Street, Suite 500
San Francisco, CA 94108

Re:   Request for PACER Fee Exemption

Dear Ms. Gollan:

The United States District Court for the Central District of California is in receipt of your letter requesting, on behalf of yourself and Shane Shifflet of The Bay Citizen, an exemption from fees assessed for Public Access to Court Electronic Records ("PACER") usage. Your request was reviewed and considered by the full court at a meeting of the judges held on April 25, 2012.

PACER fees are set by the Judicial Conference of the United States ("Judicial Conference"). "[C]ourts may, upon a showing of cause, exempt . . . section 501(c)(3) not-for-profit organizations" from payment of PACER fees. (Electronic Public Access Fee Schedule, included as appendix to 28 U.S.C. § 1914.) However, Judicial Conference policy directs that courts "should not exempt . . . members of the media." (*Id.*, Judicial Conference Policy Notes.) It appears that The Bay Citizen, whatever its tax-exempt status, is a media organization. Therefore, though the court is supportive of the research project you have described, we are unable to grant the exemption you seek.

Further, even if The Bay Citizen were not considered a member of the media, you have not made a sufficient showing that good cause exists for the court to grant an exemption. Individuals or organizations seeking fee exemptions must "demonstrate[] that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." (*Id.*, Judicial Conference Policy Notes.) Though you state that

EASTERN DIVISION
3470 Twelfth Street, Rm 134
Riverside, CA 32501

WESTERN DIVISION
312 North Spring Street
Los Angeles, CA 90012

SOUTHERN DIVISION
411 West Fourth Street, Ste 1053
Santa Ana, CA 92701

Jennifer Gollan
May 9, 2012
Page 2 of 2

the "burden of the anticipated expense is prohibitive for The Bay Citizen," you have not provided any details about the impact paying the required fees will have on the organization. While we are sympathetic to the fact that the fees may be burdensome, we cannot simply assume that the burden would be prohibitive.

The PACER system is completely self-funded through user fees, which pay for the design, maintenance, and operation of the system. Granting exemptions limits the resources available to help provide and improve public access to court records, and shifts the costs to other, fee-paying users, and even to the taxpayer. Accordingly, the Court must balance the needs of individuals requesting fee exemptions against the interest of the public in maintaining the PACER system. Fee exemptions should be the exception, not the rule, and must sometimes be denied even when the goals of the requesting organization are laudable.

Sincerely,

*[signature]*

Audrey B. Collins
Chief United States District Judge

cc:   Terry Nafisi, District Court Executive

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | |
| ) | ORDER |
| APPLICATION FOR AN EXEMPTION FROM ) | |
| ELECTRONIC PUBLIC ACCESS FEES FOR ) | |
| JENNIFER GOLLAN AND SHANE ) | |
| SHIFFLETT OF THE BAY CITIZEN, ) | |
| A 501(c)(3) ORGANIZATION ) | |
| _____ ) | |

This matter is before the court upon the application by Jennifer Gollan and Shane Shifflett, on behalf of The Bay Citizen, a 501(c)(3) organization ("Applicants"), for an exemption from electronic public access fees imposed by the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the United States ("Judicial Conference").

Applicants seek an exemption in order to conduct original and comprehensive empirical research by analyzing the effectiveness of the court's conflict checking software and hardware to help federal judges identify situations requiring their recusal. Applicants propose to cross reference court records available through the Public Access to Court Electronic Records service ("PACER") against separate data sets, such as judges' statements of economic interest, and to design processes that classify documents and search them for context. The analysis of the PACER data may yield published reports in The Bay Citizen.

The Judicial Conference Guide to Judiciary Policy, Volume 10: Public Access and Records; Chapter 2: Electronic Public Access; Sections 210 Overview and 220 Policy; set forth the Judicial Conference Electronic Public Access ("EPA") program for public access to court information.

As provided for in the Judicial Conference Electronic Public Access Fee Schedule, "courts may, upon a showing of good cause, exempt indigents, bankruptcy case trustees, individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, court appointed pro bono attorneys, and pro bono ADR neutrals from payment of[ PACER] fees. Courts must find that parties from the classes of persons or entities listed above seeking exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."

Section 210.40 Funding, states that the EPA program is funded entirely through user fees set by the Judicial Conference. The user fees are published in the Electronic Public Access Fee Schedule. Under the Judicial Conference Policy Notes to the fee schedule, the Judicial Conference specifies that courts "should not exempt local, state or federal government agencies, members of the media, attorneys . . . . Exemptions should be granted as the exception, not the rule."

Thus, although The Bay Citizen is apparently a 501(c)(3) not-for-profit organization, it also appears to be a member of the media. As such, it is an entity for which this court should not grant a PACER fee exemption. On this basis, the court will deny the Applicants' request for a fee exemption.

In addition, even if the court were to further consider the application for a fee exemption, the court notes that the Applicants have failed to make an adequate showing of good cause that

an exemption is necessary in order to avoid unreasonable burdens. The application states that the burden of the anticipated expense is prohibitive for The Bay Citizen, whose funding is both limited and wholly dependent on donations. However, the application provides no objective detailed financial information for the court to consider the issue of the prohibitiveness of the anticipated expense upon The Bay Citizen. Given the court's decision to deny the application based upon the Judicial Conference Policy Notes, the court will not address the good cause issue at this time.

Finally, by denying the application for fee exemption, the court does not wish to discourage the Applicants' research project, which may well ultimately be of benefit to the public and to the court. The sole purpose of this Order is to address the limited issue of fee exemption, not the overall right of public access to court information through the PACER service.

THEREFORE, IT IS ORDERED that the Application for an Exemption from Electronic Public Access Fees is DENIED.

Dated: April 20, 2012

_____
Anthony W. Ishii
Chief United States District Judge



# United States District Court
## Southern District of California
940 Front Street
San Diego, California 92101-8915

**Chambers of**
**Barry Ted Moskowitz**
**Chief Judge**

*Tele: 619-557-5583*
*Fax: 619-702-9966*

April 10, 2012

Jennifer Gollan
The Bay Citizen
126 Post Street, Suite 500
San Francisco, CA 94108

Dear Ms. Gollan:

    W. Samuel Hamrick, Jr., the Clerk of our Court, has forwarded to me your request for an exemption from Public Access to Court Electronic Records (PACER) fees.

    The Electronic Public Access (EPA) program is self-funded through user fees and provides the public with electronic access of court records. The EPA fees provide for the operation and enhancement of the public access system.

    The Court may exempt section 501(c)(3) not-for-profit organizations upon a finding "that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."[1] However, the Judicial Conference Policy Notes to the EPA Fee Schedule provide that "Courts should not exempt . . . members of the media . . . ." The Policy Notes further provide that "Exemptions should be granted as the exception, not the rule."

    It appears that *The Bay Citizen* is a non-profit media enterprise. Therefore, under the Judicial Conference policy an exemption should not be

---

[1] Item I, Electronic Public Access Fee Schedule (eff. 4/1/12), *available at* http://www.pacer.gov/documents/epa_feesched.pdf.

Page 1 of 2

granted. Even if an exemption could be granted, *The Bay Citizen* would have to demonstrate that payment of the EPA fees would create an unreasonable financial burden. This, of course, depends on the financial circumstances of the individual not-for-profit organization and the anticipated EPA fees. The information in your letter does not provide a sufficient basis for that determination.

Based on Judicial Conference policy, we cannot grant the requested EPA exemption. If you pursue your research and need technical assistance, please let me know.

Respectfully yours,

Barry Ted Moskowitz
Chief United States District Judge
Southern District of California